**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JOSE HECTOR FLORES ALVAREZ,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 2:26-cv-02342-RFB-BNW<br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Jose Hector Flores Alvarez's First Amended Petition for Writ of Habeas Corpus (ECF No. 8). Petitioner challenges the lawfulness of [his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Petitioner argues his detention is unlawful under (i.) Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Petitioner a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

## I. FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' undisputed factual allegations in the existing record before the Court, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds Petitioner is a member of the Jacobo-Ramirez Class. Petitioner has

set forth sufficient facts indicating Class membership,[1] and Federal Respondents, when ordered to certify the true cause of Petitioner's detention in their Return, have conceded that Petitioner can only be properly detained under 8 U.S.C. § 1226(a). See First Am. Pet. for Habeas Corpus at 4–6, ECF No. 8 (August 14, 2026) [hereinafter, "Pet."]; Fed. Resp'ts' Supp. Notice Regarding Class Membership at 1–3, ECF No. 11 (August 19, 2026) [hereinafter, "Opp'n"].

In addition, the Court finds Federal Respondents did not perform an initial custody determination as to Petitioner at the outset of his detention. Petitioner was taken into ICE custody on June 8, 2026, over two months ago. See Pet. at 3. This Court instructed Federal Respondents to produce specific records as to Petitioner, including a Form I-286, or alternatively, "certify that, after a diligent search, . . . the record(s) are not in their possession, custody, or control." Order Appointing Counsel at 4, ECF No. 4 (August 3, 2026). The government has failed to produce a Form I-286 and certified that Petitioner was, in fact, not provided an initial custody determination at the outset of his detention. See Fed. Resp't's Answers to Interrogatories at 3, ECF No. 6-2 (August 6, 2026) [hereinafter, "Resps. to Interrogs."].

## II. CONCLUSIONS OF LAW

As a member of the Jacobo-Ramirez Class, Petitioner is entitled to the relief afforded to the Class by this Court. In its March 2026 Order, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez, 2026 WL 879799, at *33. Moreover, Federal Respondents (and

---

[1] The Jacobo-Ramirez certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Jacobo-Ramirez, 2026 WL 879799, at *4. Notably, the class definition only mentions a "bond hearing" in the context of individuals "who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing." Id. Respondents concede that Petitioner is subject to detention under 8 U.S.C. § 1226(a). As such, the Court declines to credit Respondents' unsupported assertion that Petitioner "is no longer a Class Member because he had a bond hearing." Fed. Resp'ts' Supp. Notice Regarding Class Membership at 1, ECF No. 11 (August 19, 2026).

this Court) are obligated to abide the Ninth Circuit's binding judgment in Rodriguez Vazquez v. Bostock, which explicitly rejected the government's interpretation of § 1225(b)(2)(A) and held that noncitizens like Petitioner fall within the detention regime set out in § 1226, not § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, --- F.4th ---, 2026 WL 2196424, and *3 (9th Cir. July 30, 2026) ("[W]e conclude that [noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Federal Respondents have conceded that the only lawful basis for detaining Petitioner is § 1226(a). See generally Opp'n. Yet, in their sworn answers to this Court's interrogatories, Federal Respondents asserted that, in arresting Petitioner, they acted pursuant to their unlawful mandatory detention policy. See Resps. to Interrogs. at 3 (confirming that Respondents acted "pursuant to ICE Interim Guidance regarding Detention Authority for Applicants for Admission issued by Former Acting Director Todd M. Lyons, dated July 8, 2025"). Because Petitioner was arrested pursuant to an unlawful policy, and thereby not provided the procedures he was entitled to as a matter of statute, his arrest and ongoing detention are unlawful under the Immigration and Nationality Act ("INA"), this Court's declaratory judgment/vacatur, and the law of this circuit.

For reasons articulated in Rios-Rodriguez v. Blanche et al., No. 2:26-CV-02117-RFB-MDC, 2026 WL 2280924 (D. Nev. Aug. 7, 2026), which are incorporated by reference herein, the Court finds that Petitioner must be released from government custody. The government's failure to perform an initial custody determination as to Petitioner at the outset of his detention runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022); Jacobo-Ramirez, 2026 WL 879799, at *33; Rios-Rodriguez, 2026 WL 2280924, at *2–3.

The Court further finds Petitioner is entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment, for the reasons articulated in this Court's order in Rios-Rodriguez, which the Court incorporates by reference as if fully set forth herein. Specifically, as explained in Rios-Rodriguez, the Court finds Petitioner's detention without an initial custody determination or a bond hearing violates

Petitioner's right to substantive and procedural due process. 2026 WL 2280924, at *3–9.

Therefore, the Court finds Petitioner's detention has been unlawful under both the INA and the Due Process Clause from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here.[2] See Munaf v. Geren, 553 U.S. 674, 693 (2008). Additionally, the Court finds that it must adopt equitable remedies to ensure that Federal Respondents abide by due process moving forward. Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioner under § 1226(a), Federal Respondents must provide him with a notice of initial custody determination, as well as *a pre-deprivation* bond hearing wherein the government must prove, by clear and convincing evidence, that detention is appropriate. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (citation omitted) (reviewing EOIR's compliance with a district court's conditional writ, which ordered EOIR to conduct a bond hearing—as a matter of due process—where the government was required to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community."); Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (describing Martinez). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioner's rights to date.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his personal recognizance on **August 29, 2026** between the hours of **12:00 P.M. and**

[2] Moreover, the Court finds that, to the extent Respondents have afforded Petitioner *some* procedures associated with § 1226, such as a post-deprivation bond hearing, it is clear from the record that Respondents have admittedly not complied with the regulations in full, as required by the statute, its implementing regulations, and this Court's declaratory judgment. See Jacobo-Ramirez, 2026 WL 879799, at *31; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201–1202 (9th Cir. 2022). In addition, immediate release is particularly appropriate given Respondents' lengthy history of non-compliance and defiance in similar cases. See Rios-Rodriguez, 2026 WL 2280924, at *9–12.

**3:00 P.M.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If Federal Respondents impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE**. If Federal Respondents fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioner under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **September 1, 2026** confirming Respondents' compliance with this Order, including: (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** August 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**